IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

UNITED STATED OF AMERICA,

      Plaintiff,

v.                                      Case No. 23-10046-JWB

JASON MATTHEW PENNINGTON,

      Defendant.

**ORDER**

This matter is before the court on Defendant's motion to quash the writs of continuing garnishments imposed against him. (Doc. 38.) The motion is fully briefed and ripe for decision. (Docs. 38, 42, 43.) The motion is DENIED for the reasons stated herein.

Defendant pleaded guilty to wire fraud in violation of 18 U.S.C. § 1343. (Doc. 26 at 1.) The court sentenced him to an imprisonment term of 18 months, (*id.* at 2), and ordered him to pay restitution in the amount of $50,947.83. (*Id.* at 6). The court ordered payment immediately but also imposed a monthly schedule whereby the minimum payment is described as follows:

> not less than 10% of the funds deposited each month into the inmate's trust fund account and monthly installments of not less than 5% of the defendant's monthly gross household income over a period of 3 years, to commence 30 days after release from imprisonment to a term of supervision . . . .

(*Id.* at 7.) The judgment's payment plan is in accordance with statements made by the court during the sentencing hearing. At the sentencing hearing, the court clearly stated that restitution is due immediately and followed that order with a statement that Defendant's restitution shall be satisfied "in payments *not less than*" those set forth in a schedule-based payment plan described by the court. (Doc. 41 at 36:20–37:1–2 (emphasis added).)

1

A little more than two months after the judgment, the government sought to recover some of Defendant's restitution obligations by applying for writs of continuing garnishment on Defendant's property—a bank account and a life insurance policy. (Docs. 28, 29.) Since Defendant's filing of his motion to quash the writs of continuing garnishment, the government applied for two more writs of garnishment. (Docs. 44, 45.)

According to the government, despite the schedule-based restitution plan and Defendant's compliance therewith, it sought the restitution amount through garnishment actions for two reasons: (1) because the court stated at the sentencing hearing that restitution was due immediately, (Doc. 41 at 20), and (2) the judgment explicitly states: "this schedule in no way abrogates or modifies the government's ability to use any lawful means at any time to satisfy any remaining criminal monetary penalty balance, even if the defendant is in full compliance with the payment schedule . . . ." (Doc. 42 at 3 (citing Doc. 26 at 7.))

Defendant argues that the government cannot garnish his property because he has fully complied with the repayment plan, (Doc. 38 at 1–2), garnishment is not necessary because he is in compliance with the repayment schedule, (*id.* at 2), there is no legal or rational basis for the garnishment, (*id.*), and the government's garnishment applications violate the court's statements and instructions. (*Id.*)

The court concludes that the government's garnishment applications are justified and are not unlawful. First, the scheduled payment plan laid out in the judgment and discussed at the sentencing hearing constitutes the floor, not the ceiling for payment of restitution; meaning, at a minimum, a defendant must abide by the schedule-based payment plan. However, because it is the minimum, the government can seek the full restitution amount immediately through lawful means. Indeed, the court's second point is that the judgment clearly permits the government to

seek the full remaining restitution amount immediately. More specifically, the written judgment states:

> *Criminal monetary penalties are due immediately*. Having assessed the defendant's ability to pay, payment of the total criminal monetary penalties is due as follows, but this schedule in no way abrogates or modifies the government's ability to use any lawful means at any time to satisfy any remaining criminal monetary penalty balance, *even if the defendant is in full compliance with the payment schedule* . . . .

(Doc. 26 at 7) (emphasis added). The court notes that it checked Box B on the judgment form, which states that restitution payment is to *begin* immediately. (*Id.*) However, if there was any concern about Defendant's payments being due immediately or on the scheduled timeline, the quoted portion from the judgment above negates any ambiguity because it clearly states that criminal monetary penalties (e.g., restitution) are due immediately. Moreover, the court stated at the sentencing hearing that restitution is due immediately. (Doc. 41 at 36:20.) There is no conflict between the written judgment and the court's oral pronouncements, and both clearly authorize the government to seek the full restitution amount immediately.

Lastly, Defendant's argument that the government's actions are not justified is without merit. Based on the government's conduct, it appears that Defendant has resources that will satisfy—either fully or partially—the restitution he owes to the victims of his crime. Indeed, in fashioning the restitution obligations imposed on Defendant at sentencing, the court considered Defendant's financial condition, including the unobjected to facts contained in the presentence report that showed Defendant had a total net worth of $262,362 and a positive monthly cash flow of $1,080. (Doc. 23 at 28.) Garnishing Defendant's property now means that he cannot exhaust those funds for personal matters when his victims are left wanting. Thus, the court's judgment and the government's conduct is aimed at guarding against Defendant's possible squandering of his assets when his victims are entitled to restitution.

THEREFORE, Defendant's motion to quash the writs of garnishment (Docs. 28, 29) is DENIED.  Moreover, because this order makes clear that the government is acting lawfully by garnishing Defendant's property to pay the restitution amount in full, the court DISMISSES AS MOOT Defendant's emergency motion for relief from the garnishments (Doc. 49).

IT IS SO ORDERED.  Dated this 6th day of December, 2024.

        s/ John W. Broomes
        JOHN W. BROOMES
        UNITED STATES DISTRICT JUDGE